IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES E. MOORE<br>AIS # 297332<br>    Plaintiff,<br><br>v.<br><br>WARDEN RAYBON, *et al.*,<br>    Defendants. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 1:21-00423-JB-N<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

Plaintiff Charles Moore, an Alabama inmate proceeding without counsel (*pro se*) and *in forma pauperis* ("IFP"), initiated this civil action by filing a complaint under 42 U.S.C. § 1983 dated September 19, 2021. (Doc. 1). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72. Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** Moore's complaint be **DISMISSED without prejudice**.

### I. *Background*

As stated above, Plaintiff initiated this action by filing his initial complaint on September 19, 2021. (Doc. 1).[1] However, Moore did not pay the statutory filing fee[2] for such an action or file a motion a motion to proceed without prepayment of fees

---

[1] "Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (citation omitted).

[2] Under 28 U.S.C. § 1914, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court … to pay a filing fee of $350," along with "such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a)-(b). Effective December 1, 2020, the Judicial Conference prescribes an additional $52 "[a]dministrative fee for filing a civil action, suit, or proceeding in a district court." *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. (last visited Dec. 12, 2022).

(IFP). Accordingly, in an order dated October 22, 2021, Plaintiff was ordered to either pay the statutory filing fee or file an IFP motion. (Doc. 2). In response to this order, Plaintiff submitted a letter in which he claimed prison officials had not yet returned a portion of his IFP motion. (Doc. 3). As a result, the undersigned extended Plaintiff's deadline to submit an IFP motion to December 27, 2021. (Doc. 4, PageID.17).

On January 8, 2022, Plaintiff filed an untimely IFP motion (Doc. 5), along with a letter (Doc. 5-1). Plaintiff's IFP motion was on the proper form, though it was deficient in several aspects – most notably, the failure to include a summary of his inmate account balance or a certification from prison officials, as required for inmates seeking to proceed IFP pursuant to 28 U.S.C. § 1915(b). (Docs. 5, 6). Plaintiff's letter (Doc. 5-1) described difficulties in receiving his mail. In addressing both the deficient IFP motion, and Plaintiff's mail concerns, the undersigned instructed Plaintiff in an order dated January 31, 2022, to either pay the statutory filing fee or file an amended IFP motion by not later than March 1, 2022. (Doc. 6, PageID.28).

Plaintiff timely complied with the Court's January 31, 2022, order, filing an amended IFP motion on February 16, 2022. (Doc. 7). On review of the amended IFP motion, the undersigned granted Plaintiff IFP status in an order dated February 24, 2022, and instructed Moore to remit a partial filing fee by March 24, 2022. (Doc. 8).[3] However, as of April 6, 2022, the Court had yet to receive Moore's partial filing fee, so the undersigned entered an order extending his deadline for compliance until May 4, 2022, or instructing him to show cause as to why he is unable to remit the payment.

---

3 Plaintiff was warned that "failure to comply with this order within the prescribed time will result in a recommendation of dismissal of this action." (Doc. 8, PageID.38).

(Doc. 10, PageID.42-43).[4] Plaintiff's filing fee was subsequently received by the Court on May 2, 2022. (Doc. 11).

Having received Plaintiff's filing fee, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). On review, the undersigned discovered several deficiencies, which were noted and explained in an order dated June 1, 2022. (*See* Doc. 12). Plaintiff was instructed to resolve the deficiencies as described therein and file an amended complaint by no later than June 22, 2022. (*Id.*).[5] As of July 8, 2022, the Court had not received any filings from Plaintiff, and in seeking to afford him another opportunity to diligently prosecute his action, extended his deadline to file an amended complaint to August 12, 2022. (Doc. 13, PageID.54).[6]

Plaintiff subsequently filed two 42 U.S.C. § 1983 complaints on outdated forms: the first was filed June 20, 2022 (Doc. 14), but not received by the Court until July 20, 2022, and the second was filed July 22, 2022 (Doc. 15), but not received by until August 4, 2022. Additionally, on September 8, 2022, Plaintiff informed the Court he had been released and now resided at a free-world address. (Doc. 16).

On October 21, 2022, the undersigned entered an order addressing each of

---

[4] As explained in the Court's April 6, 2022, order, while Plaintiff filed a letter (Doc. 9) with the Court on March 5, 2022, directing the Alabama Department of Corrections ("ADOC") to collect the partial filing free from his account, such an order was unnecessary because Moore's signed IFP motion contained consent language which authorized ADOC to do so in accordance with 28 U.S.C. § 1915(B)(2). (Doc. 10, PageID.42-43).

[5] The Court's June 1, 2022, order further warned Plaintiff that "[f]ailure to file an amended complaint that complies with the directives of this order within the required time or to notify the Court of a change in address will result in a recommendation of the dismissal of this action for failure to prosecute and obey the Court's order." (Doc. 12, PageID.51-52).

[6] Plaintiff was again warned in this order of the potential consequences for failure to comply within the prescribed time or advise the Court of any changes in address. (*See* Doc. 13, PageID.54).

3

these three filings. (Doc. 17). First, this order instructed Plaintiff to either pay the remainder of the statutory filing fee ($349.00) or file a new IFP motion by no later than November 23, 2022. (Doc. 17, PageID.78-79). Second, the undersigned noted Plaintiff had filed three complaints (Docs. 1, 14, 15), each of which contained varying allegations and Defendants. (*See* Doc. 17, PageID.79). Accordingly, the undersigned ordered Plaintiff to file a third amended complaint by November 23, 2022, combining the varying allegations into one filing. (*Id.*). The order further provided Plaintiff with relevant information on pleading standards under the Federal Rules of Civil Procedure and an explanation of the requirements to bring an action pursuant to 42 U.S.C. § 1983. (Doc. 17, PageID.79-81). This order further warned Moore that failure to comply would result in a recommendation that his action be dismissed for failure to prosecute and/or non-compliance with a Court order and instructed the Clerk to send him a copy of both of this Court's form for IFP motions and 42 U.S.C. § 1983 complaints. (Doc. 17, PageID.82).

To date, Moore has not responded to the Court's October 21, 2022, order, nor provided any explanation for his failure to do so, and the documents sent to Plaintiff were not otherwise returned as undeliverable.

## II. *Dismissal*

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the

Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). In the present action, Moore has failed to comply with several orders, including the undersigned's most recent order instructing him to file a new IFP motion and a third amended complaint by November 23, 2022. (Doc. 17).

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

### III. *Conclusion*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Moore's complaints (Docs. 1, 14, 15) dated September 19, 2021, June 20, 2022, and July 22, 2022, respectively, be **DISMISSED without prejudice**; and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 13th day of December 2022.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**